## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Fairview Health Services d/b/a University
of Minnesota Medical Center,

                Plaintiff,

v.

Armed Forces Office of the Royal
Embassy of Saudi Arabia,

                Defendant.

Case No. 21-cv-2666 (ECT/TNL)

**ORDER**

---

This matter is before the Court on Plaintiff's Motion for an Order Directing Clerk of Court to Effect Service by Mail Pursuant to 28 U.S.C. § 1608(a)(3), ECF No. 4.  For the reasons set forth below, the motion is granted in part and denied in part.

## I. BACKGROUND

On December 14, 2021, Plaintiff Fairview Health Services filed suit against Defendant Armed Forces Office of the Royal Embassy of Saudi Arabia.  Compl., ECF No. 1.  The Complaint alleges that Defendant breached its contract with Plaintiff by failing to pay for medical services Plaintiff provided.  Compl. ¶¶ 26-39.

On March 10, 2022, Plaintiff filed a Motion for an Order Directing Clerk of Court to Effect Service by Mail Pursuant to 28 U.S.C. § 1608(a)(3).  ECF No. 4.  Plaintiff alleges that Defendant is a political subdivision of the Kingdom of Saudi Arabia and there is no special arrangement or applicable international convention that governs service of judicial documents between the Kingdom of Saudi Arabia and the United States.  Pl.'s Mem. in

1

Supp. at 1-3, ECF No. 4.  Accordingly, Plaintiff argues that the Clerk of Court must mail

a copy of the summons and complaint to Defendant in accordance with 28 U.S.C. §

1608(a)(3).  *Id*. at 3.  Plaintiff requests that the Court enter an order:

> Directing the Clerk of Court to promptly dispatch, via FedEx or DHL in a
> form of mail requiring signed receipt, the documents attached to [Plaintiff's]
> motion as Attachment 1, which include the following: (a) Summons, (b)
> Complaint with Exhibit A, (c) Notice of Suit, and (d) Certified Arabic
> translations of the foregoing documents to the following address:
>
> Minister of Foreign Affairs
> Prince Faisal bin Farhan Al Saud
> 7737 An Nasiriyah
> An Namudhajiyah, Riyadh
> 12735 4276, Saudi Arabia

*Id*. at 4.  Plaintiff asks the Clerk of Court to use DHL Worldwide Express ("DHL") or

Federal Express ("FedEx") and not the United States Postal Service in accordance with

guidance from the United States District Court for the Southern District of New York.  *Id*.

at 3-4.  Plaintiff also requests that the Clerk of Court file promptly an affidavit of mailing

and any acknowledgment of receipt (provided that the Clerk receives a signed

acknowledgment of receipt), which shall be deemed proof of service under Rule 4(l).  *Id*.

Further, Plaintiff requests that the Court deem that it has satisfied 28 U.S.C. § 1608(a)(3)

if no acknowledgment of receipt is filed within thirty days of mailing.  *Id*.

## II.  ANALYSIS

In order to sue a foreign state or one of its political subdivisions, agencies, or

instrumentalities, a plaintiff must effect service in accordance with 28 U.S.C. § 1608.  *See*

Fed. R. Civ. P. 4(j)(1).  Section 1608(a) provides four methods of service upon a foreign

state or political subdivision in descending order of preference:

(1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

(2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or

(3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or

(4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia . . . .

Plaintiff contends, and this Court agrees, that Plaintiff cannot effect service on Defendant under § 1608(a)(1) or § 1608(a)(2).  Plaintiff has no special arrangement for service with the Kingdom of Saudi Arabia.  Pl.'s Mem. in Supp. at 3.  Nor is there an applicable international convention signed by both the United States and the Kingdom of Saudi Arabia that governs service of judicial documents.  The Hague Conference, an association of sovereign states, adopted a "Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters" ("the Convention") in 1965. *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for the S. Dist. Of Iowa*, 482 U.S. 522, 529-30 (1987).  The Convention "prescribes procedures by which judicial authority in one contracting state may request evidence located in another state." *In re Baycol Prods. Litigation*, 348 F. Supp. 2d 1058, 1059 (D. Minn. 2004) (citing

*Aerospatiale*, 482 U.S. at 524).   The United States is a signatory to the Convention, but the Kingdom of Saudi Arabia is not.  *See, e.g., Aldossari on behalf of Aldossari v. Ripp*, No. 20-cv-3187, 2021 WL 259957, at *2 (E.D. Pa. Jan. 26, 2021) ("The Kingdom of Saudi Arabia is not a signatory to the Hague Convention.  The United States and Saudi Arabia have not entered into any treaties governing service of process.").[1]  Thus, because "service cannot be made under paragraphs (1) or (2)" of 28 U.S.C. § 1608(a), service shall be made upon Defendant by:

> [S]ending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned.

28 U.S.C. § 1608(a)(3).

The Court will therefore grant Plaintiff's motion in part and direct the Clerk of Court to mail the documents listed above to the head of the ministry of foreign affairs of the Kingdom of Saudi Arabia.  The Court, however, will deny Plaintiff's request for the Court to deem service satisfied under 28 U.S.C. § 1608(a)(3) if no acknowledgment of receipt is filed within thirty (30) days of mailing.  If no acknowledgment of receipt is filed within thirty (30) days of mailing, Plaintiff shall proceed under 28 U.S.C. § 1608(a)(4) or seek other appropriate relief.

---

[1] On April 8, 2022, the Kingdom of Saudi Arabia acceded to the Hague Conference's Apostille Convention.  The accession will take effect on December 7, 2022.  *See* "Saudi Arabia accedes to the Apostille Convention," *available at* https://www.hcch.net/en/news-archive/details/?varevent=857 (last visited Apr. 8, 2022).  The Apostille Convention, however, does not govern service of process.  Rather, the Apostille Convention governs legalization for foreign public documents.  *See* Apostille Section, *available at* https://www.hcch.net/en/instruments/conventions/specialised-sections/apostille (last visited Apr. 8, 2022). Saudi Arabia has not acceded to the Convention on the Service Abroad. *See* Status Table, *available at* https://www.hcch net/en/instruments/conventions/status-table/?cid=17 (last visited Apr. 8, 2022).

## III. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Motion for an Order Directing Clerk of Court to Effect Service by Mail Pursuant to 28 U.S.C. § 1608(a)(3), ECF No. 4, is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

2.      Plaintiff shall deliver the documents in Attachment 1 to Plaintiff's motion, ECF No. 4-1, and any other documents to be served to the Clerk's Office within seven (7) days of this Order.

3.      Plaintiff shall provide the Clerk's Office with a fully completed FedEx airbill addressed to the Minister of Foreign Affairs in Saudi Arabia, including an account number for payment of all charges, designation requiring a signed receipt, and the Clerk's Office address as the sender: Diana E. Murphy United States Courthouse, 300 South Fourth Street, Suite 202, Minneapolis, MN 55415.

4.      The Clerk of Court shall send the documents to the Minister of Foreign Affairs in Saudi Arabia within seven (7) days of receiving the documents from Plaintiff.

5.      The Clerk of Court shall file promptly an affidavit or declaration of mailing.

6.      If the Clerk of Court receives signed acknowledgment of receipt from the addressee, the Clerk shall file promptly the acknowledgment of receipt, and the same shall be deemed proof of service under Rule 4(l).

7.      Plaintiff's request for the Court to deem service satisfied under 28 U.S.C. § 1608(a)(3) if no acknowledgment of receipt is filed within thirty (30) days of mailing is

denied.  If no acknowledgment of receipt is filed within thirty (30) days of mailing, Plaintiff shall proceed under 28 U.S.C. § 1608(a)(4) or seek other appropriate relief.

Date: April __14__, 2022                          *s/Tony N. Leung*

                                                  Tony N. Leung
                                                  United States Magistrate Judge
                                                  District of Minnesota

                                                  *Fairview Health Services v. Armed Forces Office of the Royal Embassy of Saudi Arabia*
                                                  Case No. 21-cv-2666 (ECT/TNL)